AO 91 (Rev. 5/85) Criminal Complaint

# United States District Court

_____ DISTRICT OF MASSACHUSETTS _____

UNITED STATES OF AMERICA

V.

SHAWN SANDLER

**CRIMINAL COMPLAINT**

CASE NUMBER: 04M-1057-JGD

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about ___6/1/03 and 7/23/03___ in ___Suffolk___ county, in the _____ District of ___Massachusetts___ defendant(s) did, (Track Statutory Language of Offense)

maliciously damage or destroy, or attempt to damage or destroy, by means of fire or an explosive, any building, or real or personal property used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce

in violation of Title ___18___ United States Code, Section(s) ___844(i)___.

I further state that I am a(n) ___Special Agent, ATF___ and that this complaint is based on the following facts:
Official Title

See attached affidavit of ATF Special Agent Thomas F. Perret

Continued on the attached sheet and made a part hereof: ☒ Yes ☐ No

_____
Signature of Complainant

Sworn to before me and subscribed in my presence,

March 25, 2004                                   at          Boston, Massachusetts
Date                                                              City and State

JUDITH GAIL DEIN
U.S. MAGISTRATE JUDGE                        _____
Name & Title of Judicial Officer                     Signature of Judicial Officer

This form was electronically produced by Elite Federal Forms, Inc.

AFFIDAVIT

I, Thomas F. Perret, having been duly sworn, on oath depose and state that:

1. I am a Special Agent assigned to the Boston Field Office of the U.S. Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), and have been so employed for over 27 years. As an ATF Special Agent, I am responsible among other things for conducting investigations relating to the violation of federal firearms, arson and explosive laws, and have participated in numerous arson investigations.

2. I am aware based on my training and experience that Title 18, United States Code, Section 844(i) makes it a federal offense for anyone to maliciously damage or destroy, or attempt to damage or destroy, by means of fire or an explosive, any building, vehicle, or other real or personal property used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce. Having so stated, I make this affidavit in support of a complaint charging an individual named Shawn SANDLER (SANDLER) with arson in violation of 18 U.S.C. §844(i), on June 19, 2003, and July 23, 2003.

3. The statements contained in this affidavit are based on my own investigation and on information provided to me by other ATF agents and local and state police officials. In submitting this affidavit, however, I have not included each and every fact

known to me about the investigation, but only those facts that I believe are sufficient to establish probable cause to believe that SANDLER has committed arson in violation of the statute.

4. I and others have been involved in an ongoing investigation regarding several suspicious fires which occurred at certain businesses in Chelsea, Massachusetts over an approximate 27 month period. Between April 4, 2001, and July 23, 2003, there were at least eleven attempted or actual fires at five different businesses. All of the businesses were located on one portion of Broadway in Chelsea, Massachusetts, and all involved commercial businesses that sold furniture or bargain goods or jewelry. This complaint concerns actual fires that occurred at two of the businesses.

5. With respect to the first business, I am aware that for several years there was a business called Slaton's Furniture Store ("Slaton's), located at 288 Broadway, Chelsea. As of June of 2003, Slaton's was still in business and sold, among other things, furniture and kitchen appliances. I am aware as a result of my investigation that the majority of furniture and kitchen appliances Slaton's sold were manufactured outside of Massachusetts and then shipped to the store.

6. On June 12, 2003, at approximately 2:25 a.m., someone gained access to the roof of the building and poured an accelerant, which is any flammable liquid, down a rooftop vent

pipe. However, aside from some damage to the floor under the vent pipe system, there was only slight smoke and water damage. On June 19, 2003, one week later, someone again gained access to the rooftop of the building. This time, someone drilled holes in the roof and poured an accelerant down them, and then ignited the liquid. As a result, only a small area of the store suffered from fire damage, a larger area suffered smoke damage and the majority of the store suffered water damage. I am aware that the owner of Slaton's, who had been involved with the store since the 1940's, decided to retire and sell the business in large part because of the fires.

7. The second business is called Doug's Bargain Store. In December of 2002, the owner of the business, Douglas Lourie, opened the store in a building at 472 Broadway. The store sold domestic household products and giftware, among other things. I am aware as a result of my investigation that most of these products were shipped in to the store from locations in New York and New Jersey. Between December 6, 2002 and July 23, 2003, five separate attempted or actual fires occurred at Doug's Bargain Store.

8. First, on December 6, 2002, just one day before the store's grand reopening following renovations, someone threw a flare doused with gasoline through the front window, resulting in some damage and a delay of the store's reopening. On December

24, 2002, people doing some construction work inside the building found an abandoned "Molotov cocktail" next to the front doorway. A Molotov cocktail consists of a bottle filled with a flammable liquid and capped with a rag; typically, the arsonist lights the rag and then throws the bottle at the target. On January 8, 2003, someone broke a window at the front of the store and threw in another Molotov cocktail. The fire resulted in some damage to the store but did not result in the store's closure. Then, on July 16, 2003, at some point between about midnight and the next morning, someone gained access to the building and opened a window that allowed them to get to the rooftop. The person then attempted to cut into the roof, but apparently was unable to do so. One week later, however, on July 23, 2003, someone again gained access to the rooftop at approximately 4:30 a.m. and, similar to how the fire at Slaton's was set, cut more holes into the roof, poured accelerant into them, and then ignited the liquid, resulting in substantial damage and the temporary closure of Doug's Bargain Store. It should be noted that there are seventeen occupied apartments above Doug's Bargain Store. Additionally, there is a McDonald's Restaurant adjoining Doug's Bargain Store which suffered smoke and fire damage as a result of this fire.

    9.    As a result of these and other fires occurring in the area, various individuals and organizations offered rewards for

information regarding the fires. As a result of these offers, an individual named Robert Torro approached Douglas Lourie, the owner of Doug's Bargain Store, and Paul Rugo, the owner of the building itself, and provided them with information about the fires at Doug's Bargain Store, in exchange for $650.00. I also have spoken with Torro about the fires at Doug's Bargain Store and elsewhere. In summary, Torro stated that he knows SANDLER as well as a Chelsea business owner named Todd Leccese. Torro stated that SANDLER admitted to him that he had set the fires at Slaton's and Doug's Bargain Store at Leccese's request to eliminate Leccese's competition in the Broadway area. I am aware that Todd Leccese is the owner of T&L's Discount and T&L's Furniture, which together sell domestic household items and furniture, among other things, and competed with both Slaton's and Doug's Bargain Store. I am further aware that Leccese's businesses were the only household goods/furniture stores in the Broadway area that did not suffer a fire and that, following the fire at Slaton's, Leccese purchased the building from the owner and relocated his businesses to that site, which is considerably larger than the building Leccese previously occupied, and now rents out.

10. In addition to receiving information from Torro, SANDLER himself met with Paul Rugo and Douglas Lourie on several occasions in September and October of 2003 and provided them with

information regarding the fires on Broadway in exchange for money. Nonetheless, aside from stating that he did not commit any fires, which I believe to be false, SANDLER provided Rugo and Lourie with information which is consistent with information we received from other sources. Among other things, SANDLER stated that Todd Leccese was the person responsible for all the fires and was having them set to eliminate his competition in the Broadway area. SANDLER stated that Leccese had asked him to set a fire at Doug's Bargain Store as well as at a nearby furniture store, but that he had declined to do so. However, in a monitored meeting on September 24, 2003, SANDLER proceeded to provide Rugo and Lourie with specific details about the July 2003 break-ins and fire at Doug's Bargain Store. Although SANDLER indicated that he learned of this information only from speaking with the person who actually set the fire, whose identity he would not disclose, the specific details and information he provided, much of which were unknown to the public, strongly suggested that he was intimately familiar with the layout of the building and details of how the fire was set.

11. Law enforcement officials subsequently monitored conversations between Torro and Leccese at Leccese's store on October 27 and November 7, 2003. Among other things, Torro made comments regarding the fires at Slaton's and Doug's Bargain Store. Regarding Slaton's, Torro half jokingly told Leccese a

6

number of times that SANDLER was complaining that he should have received more compensation for setting the fire at Slaton's because it allowed Leccese to relocate his business to that location. In response, Leccese replied that he had paid SANDLER for his services. With respect to the fires at Doug's Bargain Store, both Torro and Leccese talked about how SANDLER initially was unsuccessful in setting a fire using the Molotov cocktails, and Leccese stated that he had even offered to accompany SANDLER but SANDLER had stated he could do it alone.

12. In November of 2003, SANDLER was arrested on an unrelated matter and incarcerated at the Essex County Correctional facility in Middleton, Massachusetts. SANDLER subsequently made a number of statements to an inmate, Kori Olsen, regarding the fires. Among other things, SANDLER told Olsen that he had set several fires in the Broadway area of Chelsea for a "business owner" who owned numerous pieces of real estate in Chelsea and who was trying to eliminate his competition. He told Olsen that the man he had set the fires for was "Todd", and he was the only business owner who did not have a fire in his store. I am aware that Todd Leccese owns commercial properties in Chelsea and is the only household goods/furniture store owner in the Broadway area whose store did not suffer a fire. Olsen also stated that SANDLER told him that one of the buildings he set on fire had apartments above it. I am aware

7

that Doug's Bargain Store is housed in a building that also contains seventeen apartment units behind and above the store. In addition, Olsen stated that SANDLER told him how to set a fire from a rooftop. According to Olsen, SANDLER stated that one could use a drill or screwdriver to punch through a flat roof, pour ignitable liquid into the building through the holes, and then light a book of matches and place them in the hole. As noted above, this description mirrors the manner in which the fires at Doug's Bargain Store and Slaton's were set.

13. Finally, I have listened to a conversation between Olsen and SANDLER which was recorded on March 11, 2004. Among other things, SANDLER stated that he was aware of a federal grand jury investigation into the fires and stated that he would become a "ghost" when released from prison, would obtain a false identity, and flee to either Florida or Alaska.

14. Based on the foregoing, I have probable cause to believe that Shawn SANDLER damaged or attempted to damage, by means of fire, Slaton's on June 19, 2003, and Doug's Bargain

Store on July 23, 2003, in violation of 18 U.S.C. §844(i).

_____
THOMAS F. PERRET
Special Agent, ATF

Sworn and subscribed to before me this 25th day of March, 2004

_____
JUDITH GAIL DEIN
U.S. Magistrate Judge

9